[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on the application of Johathan and Joanna Whitcup to discharge or reduce a mechanic's lien placed on their residential property in Darien, Connecticut by Olson-DeBeradinis Development LLC. Although there is nothing specific in the record, the lien appears to be in an amount slightly over $20,000.00. Testimony and other evidence was produced before the court on November 5, 2001.
While the merits of the parties' claims may eventually be decided under the standard civil case burden of proof i.e. preponderance of the evidence, Connecticut General Statutes § 49-37 (b)(5) requires two different burdens of proof to be applied by the court. In this application, the liening party, Olson-DeBeradinis, must establish that there is probable cause to sustain the validity of the lien. Thereafter, the applicant Whitcup must prove by clear and convincing evidence that CT Page 15941-lo the lien should not be sustained, or should be reduced. The nub of the controversy, as presented to the court, is whether Olson-DeBeradinis is in violation of the Home Improvement Act, Conn. Gen. Stat. § 20-418, et. seq. (HIA). Richard DeBeradinis, a principal of Olson-DeBeradinis, presented evidence, not contradicted, that he provided substantial work and materials to Whitcup in connection with renovations to an old barn on the Whitcup property. Whitcup contends that the agreement with Olson-DeBeradinis does not meet the statutory requirements the HIA and therefore, Olson-DeBeradinis cannot enforce payment either under contract or quantum meruit.
Whitcup asserts that the written agreement with Olson-DeBeradinis fails to comply with the HIA in several respects: it was not signed by Olson-DeBeradinis, did not contain a notice of cancellation rights and does not contain a starting and completion date. Olson-DeBeradinis contests these points and further contends that (1) it was a subcontractor on the renovation project; (2) the barn renovation does not fall within the parameters of the HIA; and (3) Whitcup acted in bad faith. Olson-DeBeradinis contended that it was informed by Mr. Whitcup that his wife would use the renovated barn as an office. Whatever DeBeradinis was told, the evidence shows that Joanna Whitcup rented office space elsewhere.
The standard of "clear and convincing evidence" that Whitcup must meet is greater than preponderance of the evidence standard and less than proof beyond a reasonable doubt. It has been defined by our Supreme Court as requiring a conclusion by the fact finder that the probability that something is so, is substantially greater that the probability that it is not so. Dacey v. Connecticut Bar Association, 170 Conn. 520, 537 (1976).
The court concludes on the record before it that Whitcup has not met this high burden of proof. There was evidence presented both in support of and opposing the position that Olson-DeBeradinis was a subcontractor on the project and therefore, not subject to the HIA. See, Meadows v.Higgins, 49 Conn. App. 286 (1998). The evidence on this point was mixed and that which supports Whitcup's position does not rise to the level of clear and convincing. Additionally, there is no clear and convincing evidence that the barn falls within the definition of "private residence, dwelling or residential rental property", Gen. Stat. §20-419 (4) so that the subject renovation would be a home improvement.
Based on the foregoing, the application to discharge or reduce the mechanic's lien is denied. CT Page 15941-lp
ADAMS, J.